CHAMBERS OF
JAMES K. BREDAR
UNITED STATES MAGISTRATE JUDGE
MDD_JKBChambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950 OFFICE
(410) 962-2985 FAX

August 6, 2010

TO ALL COUNSEL OF RECORD

    Subject:  *Jay L. Grooms v. Michael J. Astrue, Comm'r of Social Security*
                  Civil Action No.:  JKB-09-1950

Dear Counsel:

      On July 24, 2009, the Plaintiff, Jay L. Grooms, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Paper No. 1.) I have considered the parties' cross-motions for summary judgment. (Paper Nos. 10 & 14.) No hearing is necessary. Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I am affirming the agency's decision, and I am writing this letter to explain my rationale.

      Mr. Grooms's benefits applications were based upon his claim of disability due to depression and injuries to his back and right leg from a motorcycle accident; the applications were protectively filed on June 22, 2006, and alleged that he became disabled on August 1, 2005. (Tr. 90, 95.) His claim was denied initially and upon reconsideration. (Tr. 63-64.) After receiving testimony at an administrative hearing and reviewing the medical evidence, the Administrative Law Judge ("ALJ") found that Plaintiff has severe impairments of depression and residual effects of a motorcycle accident, but determined that none of Mr. Grooms's impairments satisfied the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 ("LOI"). (Tr. 16, 18-20.) The ALJ further determined that Plaintiff has the residual functional capacity ("RFC") to perform light work but found additional limitations, i.e., "postural activities limited to occasional," no climbing of ropes, ladders, or scaffolds, avoidance of concentrated exposure to hazards and extreme cold, simple and unskilled work not at a production pace, occasional contact with coworkers, low stress, essentially isolated with only occasional supervision. (Tr. 20.) The ALJ concluded that Mr. Grooms has no past relevant work. (Tr. 20.) However, taking into consideration his age, education, work experience, and RFC, the ALJ concluded that jobs that Plaintiff can perform exist in significant numbers in the national economy and that, therefore, he is not disabled. (Tr. 25-26.) The Appeals Council denied review. (Tr. 6-8.) Afterward, Mr. Grooms filed suit for judicial review.

Plaintiff asks this Court to grant summary judgment in his favor or to remand for further proceedings. (Paper No. 10.) He makes three arguments:

I. The ALJ improperly rejected the treating physician's opinion that Mr. Grooms's impairments prevented him from being employed;

II. The ALJ's RFC assessment is based upon her failure to evaluate Mr. Grooms's pain; and

III. The ALJ failed to consider whether Mr. Grooms's impairments met the requirements for the LOI, specifically 1.02 and 1.04.

(Paper No. 10-1 at 8, 10, 12.)

Issue I:  Rejection of Treating Physician's Opinion of Plaintiff's Ability to Work

Mr. Grooms argues the ALJ improperly rejected the opinion of his treating physician, Dr. Sivakumar, that Plaintiff's various impairments prevent him from working. (Tr. 669-72.) Under governing regulations, the Defendant will give controlling weight to the medical opinion of a treating source if the opinion on the nature and severity of a claimant's impairment "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, whether an individual is able to work is an issue expressly reserved to Defendant. 20 C.F.R. §§ 404.1527(e), 416.927(e). Accordingly, no special significance is to be given to the source of an opinion on such an issue. 20 C.F.R. §§ 404.1527(e)(3), 416.927(e)(3); SSR 96-5p ("treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance"). Even so, "[i]n evaluating the opinions of medical sources on issues reserved to the Commissioner, the adjudicator must apply the applicable factors in 20 CFR 404.1527(d) and 416.927(d)." SSR 96-5p.

Thus, the ALJ is required to evaluate a treating physician's opinion in light of the examining relationship, the treatment relationship (the length of the treatment relationship, the frequency of examination, and the nature and extent of the treatment relationship), supportability of the opinion by reference to relevant evidence (especially medical signs and laboratory findings), consistency of the opinion with the record as a whole, specialization of the physician in relation to the opinion, and other factors, brought to the ALJ's attention, that tend either to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d), 416.927(d). In evaluating Dr. Sivakumar's opinion, the ALJ found it to be conclusional in nature and unsupported by specific functional limitations. (Tr. 24.) The ALJ's rejection of Dr. Sivakumar's opinion is quite reasonable. Dr. Sivakumar, specializing in internal medicine, indicated he began treating Mr. Grooms approximately a year and a half after the motorcycle accident and continued treating him for roughly nine months. (Tr. 669.) Yet, Dr. Sivakumar consistently marked as "unknown" all questions on the RFC form about any limitations, physical or mental, for Plaintiff. (Tr. 670-71.)

At the end, Dr. Sivakumar indicated Mr. Grooms has "severe back pain secondary [to] compression fracture and herniated disc." (Tr. 672.) The doctor then opined, "[Plaintiff] will not be able to perform gainable [sic] employment." (*Id.*) With no support, Dr. Sivakumar's opinion was rightly rejected as conclusional. The ALJ properly dealt with this issue and the record supports her finding.

### Issue II: RFC Assessment

Plaintiff also takes issue with the ALJ's decision because he claims the ALJ's RFC assessment was inconsistent with the evidence in the record of his pain. (Paper No. 10-1 at 10.) Regarding evidence of pain, the ALJ stated,

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> The record as a whole shows that, although the claimant suffered multiple traumatic injuries as a result of the motor vehicle accident on August 1, 2005, the claimant, within 12 months of the alleged onset date, experienced improvement and had recovered sufficiently from his injuries to the extent that he would have been able to engage in substantial gainful activity at the residual functional capacity as determined. The claimant's allegations at the hearing are not consistent with the objective or clinical findings nor with the degree of treatment rendered.

(Tr. 21.)

The ALJ then went on to discuss those inconsistencies in the record. Specifically, it was noted Plaintiff was discharged a month after the accident neurologically intact, with full range of motion and no tenderness in the lumbar spine. (Tr. 21-22.) Roughly a month later, a physical therapy report indicated Mr. Grooms was using a rolling walker because of deficits in balance and posture, but it further indicated that his range of motion, strength, and sensation were within functional limits. (Tr. 22.) Later hospital records showed normal neurological examinations, and no records showed that his use of a wheelchair or a cane was medically necessary; rather, they indicated he could ambulate independently. (*Id.*) His surgical scars had healed well. (*Id.*) Of particular note were records indicating that Plaintiff had not shown up for appointments between March 24, 2006, and November 8, 2006. (*Id.*) He was given referrals to see a pain management specialist and an orthopedic specialist, but he did not request pain management until January 2008 and he has not submitted any records relating to pain management. (*Id.*) Further, the ALJ noted regarding the claimant at the hearing,

> The claimant appeared to ambulate normally in and out of the hearing room, and sat throughout the length of the hearing and arose from his chair with no apparent difficulty. While recognizing that the claimant was observed for a "snapshot" period throughout the hearing, these observations are relevant when they are consistent with the weight of the evidence as a whole. . . . [T]he claimant has admitted to performing a fair amount of daily activities, which are inconsistent with his complaints of severe and unrelenting pain and significant functional limitations.

(Tr. 23.) The ALJ's conclusion is supported by substantial evidence.

### Issue III: Listing of Impairments

Mr. Grooms's third argument is indeed brief, only one sentence. He complains that the ALJ did not fairly and adequately consider whether his impairments satisfied the LOI, sections 1.02 and 1.04. His contention has no merit. The ALJ specifically considered the particular criteria applicable to each of these listings and reasonably found that the evidence did not support a finding of impairment under either listing. (Tr. 18.) This finding is supported by substantial evidence.

### Conclusion

For the foregoing reasons, the Court will enter a separate order AFFIRMING the agency's decision, DENYING Plaintiff's Motion for Summary Judgment, and GRANTING Defendant's Motion for Summary Judgment.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed accordingly.

Very truly yours,

/s/

James K. Bredar
United States Magistrate Judge

JKB/jh